IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 8:08CV467 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TOM OSBORNE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on September 29, 2008. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   **SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on September 29, 2008, against the Administrator of the United States Environmental Protection Agency ("EPA Administrator"), and four other individuals, "Tom Osborne, Fortenberry, [and] Senators Hagel and Nelson" ("Individual Defendants"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff's allegations are almost completely illegible and are extremely difficult to decipher. However, Plaintiff generally alleges that Gould Electronics, Asarco, Union Pacific and Aaron Ferer & Sons contributed to the "[l]ead contamination" at an Omaha Superfund site. (*Id*. at CM/ECF pp. 1-2.) Plaintiff also alleges that the Individual Defendants are "applying political pressure . . . to estop [the EPA Administrator] from discharging his function!" (*Id*. at CM/ECF pp. 1-3.) Plaintiff seeks injunctive relief in the form of a court order that directs the EPA Administrator to "prosecute" the entities that contaminated an Omaha Superfund site. (*Id*. at CM/ECF pp. 3-4.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

### A. Plaintiff's Claims Against the Individual Defendants

The court has carefully reviewed the Complaint. As discussed above, Plaintiff's allegations are almost completely illegible and are extremely difficult to decipher. The allegation which the court can decipher amounts to a conclusory claim that the Individual Defendants are applying "political pressure." This allegation does not nudge Plaintiff's claims against the Individual Defendants across the line from conceivable to plausible. In short, Plaintiff does not allege that the Individual

Defendants deprived him of a right secured by the Constitution or laws of the United States or that the individual Defendants' actions were committed under "color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Thus, Plaintiffs claims against the Individual Defendants must be dismissed for failing to state a claim upon which relief may be granted.

### B.  Plaintiff's Claims Against the EPA Administrator

Although Plaintiff's allegations are difficult to decipher, the court liberally construes Plaintiff's Complaint to allege a claim against the EPA Administrator pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). *See* 42 U.S.C. §§ 9601-75. However, the court may only exercise jurisdiction over such a claim if Plaintiff has provided the EPA with notice of his intent to sue. *Id.* § 9659(e); *see, e.g., Hallstrom v. Tillamook County,* 493 U.S. 20, 28 (1989) (dismissing citizen suit based on similar pre-filing notice requirement in section 6972 of the Resource Conservation and Recovery Act).

Here, Plaintiff has failed to submit proof that he provided the EPA Administrator with notice of his intent to sue. Thus, even with the most liberal construction, Plaintiff's Complaint does not include "sufficient facts to support the claims advanced." *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006). However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint in order to allege sufficient facts to show that he provided the EPA Administrator with notice of his intent to sue. If Plaintiff fails to file an amended complaint, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Defendants Tom Osborne, Fortenberry, Senator Hagel and Senator Nelson are dismissed for failure to state a claim upon which relief may be granted.

2. Plaintiff's Complaint fails to state a claim upon which relief may be granted. However, Plaintiff shall have until **January 12, 2009**, to amend his Complaint to properly allege a claim against the EPA Administrator. If Plaintiff fails to file an amended complaint, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915(e)(2).

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Review case for amended complaint on **January 12, 2009** and dismiss if none filed.

4. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

December 10, 2008.   BY THE COURT:

   s/ Joseph F. Bataillon
   Chief United States District Judge